James P. MITCHELL, Secretary of Labor, United States Department of Labor,

v.

Bernard V. and Henry E. HILDEBRAND, d.b.a. Hildebrand's Nurseries.

Civ. A. No. 7763.

United States District Court
D. Connecticut.

Feb. 4, 1960.

---

[1]. Nearly all of these sales were to competitors.

Albert H. Ross, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Edward C. LaVallee, Strouse & LaVallee, Norwich, Conn., for defendants.

J. JOSEPH SMITH, Chief Judge.

### Finding of Facts

1. This is an action brought by the Secretary of Labor under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. at the written request of Leon J. Lewis, Maurice L. O'Keefe, Jr., John Wilmot and William Williams, against Bernard V. and Henry E. Hildebrand of Norwich, Connecticut, doing business as Hildebrand's Nurseries, for the recovery of unpaid overtime compensation.

2. The named employees worked for the defendants over 40 hours a week and were not paid time and one half for the time worked over 40 hours.

3. The parties are agreed that the amounts due the employees, if covered by the Act are

| | |
|---|---|
| Lewis | $119.00 |
| O'Keefe, Jr. | 153.72 |
| Wilmot | 145.35 |
| Williams | 358.08 |

and it is so found.

4. The employment of the named employees was under an employer-union contract calling for a 45-hour work week of five 9-hour days at straight time, with time and one half over 9 hours in a day or 45 hours in a week.

5. The defendant Hildebrand Nurseries is a partnership consisting of Henry E. and Bernard V. Hildebrand. They operate a tree trimming, brush cutting and tree removal service, and a nursery, and they have a place of business at 295 Boswell Avenue, Norwich, which is in the jurisdiction of this court. This operation is conducted by approximately eighteen employees, and work is regularly done for three public utilities, namely, the Southern New England Telephone Company, the Norwich Gas & Electric Company, and the Connecticut Light & Power Company.

6. Fifty-eight per cent of the gross income of the defendants is derived from the work which is done for the three public utilities, namely, the New England Telephone Company, the Connecticut Light & Power Company, and the Norwich Gas & Electric Company.

7. Employee Lewis named in the complaint was engaged in working as a ground man for the Southern New England Telephone Company during the period here involved. He cut and pruned and trimmed trees and branches thereof alongside the right of way of said telephone company in New London and Middlesex Counties. He used a power saw, an axe, shears, handsaw, lopers and brush cutters, and during this work he trimmed the low branches which might interfere with the telephone lines.

8. The Southern New England Telephone Company is a part of the New England Telephone Company, an affiliate thereof, and regularly transmits calls to all parts of the United States and to foreign countries, and regularly receives from all parts of the United States and foreign countries telephone calls.

9. During all work weeks involved in the case, employee Lewis worked more than forty hours for said telephone company in only a few work weeks. During most of the work weeks involved in the case, he worked forty hours for said telephone company and additional hours at a local job. The total of the hours worked for the telephone company and the local work exceeded forty hours in the work week. The employee received only his straight time hourly rate for all hours so worked.

10. Employees Wilmot, Williams, and O'Keefe, performed the following work for the Connecticut Light & Power Company and Norwich Gas & Electric Company during the work weeks of the period here involved:

They as a regular part of their duties cut trees and the branches thereof, and trimmed the trees and the branches thereof, and cut the brush, all located along the rights of way of the Connecticut Light & Power Company and the Norwich Gas & Electric Company. In addition these employees set poles into the ground and dug holes for said poles for the Norwich Gas & Electric Company and/or the Connecticut Light & Power Company. They also used lopers, axes, and related equipment, and cut and trimmed, and raised or lowered the branches under and over the live wires of the public utilities of the Connecticut Light & Power Company and the Norwich Gas & Electric Company.

11. The employees involved in this case worked more than forty hours per week during the period here involved, and hours worked between forty and forty-five were paid for at a straight time hourly rate in accordance with the provisions of a union agreement.

12. The Norwich Gas & Electric Company and Connecticut Light & Power Company supply power to the following manufacturers, among others. It is intended that this is a representative or an illustrative list rather than an exhaustive list. The name of the company will be followed by the product which it manufactures and ships across state lines.

American Thermos Bottle Company, thermos bottles.
Verplex Company, lamp shades.
Baltic Mills, cotton fabrics.
Ambrook Industries, textiles.
Glen Woolen Mills, piece goods.
J. B. Martin, velvet goods.
Thames Yarn Company, yarn products.
Angus Park Woolen Company, woolen products.
Yantic Woolen Mills, woolen products.
Eastern Pants Company, pants.
Lisbon Textile Prints, Inc., prints and textiles.
Sans, Souci, dresses.
Atlantic Cotton Corporation, cottons.
Federal Paper Board Company, paper boxes.
Norwich Paper Box Company, boxes.
Chambers Storck Company, photo engravers.
M. & S. & Sons, photo engravers and related materials.

Allen Shoe Manufacturing Company, shoes.

A. Werman Company, shoes.

Van Tassell Leather, leather goods.

Lester Wasley, Inc., tools and dies.

Verplex Company, lamps and plastics.

Wild Fowl Decoys, Inc., duck decoys.

W. R. Kramer Company, Inc., timing devices.

13. The list set forth above is a representative list of manufacturers and does not purport to be an all-inclusive one.

14. Said companies set forth above received power from the power lines of the Connecticut Light & Power Company and/or the Norwich Gas & Electric Company. The power is received along these power lines which are trimmed by the employees of the defendants named herein.

### Conclusions of Law

1. The court has jurisdiction of the parties and subject matter of the action.

2. The named employees were engaged in commerce or in the production of goods for commerce.

3. The named employees were not exempt as persons employed in agriculture or horticulture.

4. The named employees were covered by the Act and were entitled to be paid for hours worked in excess of forty in any work week at a rate one and one half times the regular rate.

5. Plaintiff is entitled to judgment requiring defendants to pay to Leon J. Lewis $119, Maurice L. O'Keefe, Jr. $153.72, John Wilmot $145.35 and William Williams $358.08, and to plaintiff the costs of action.

### Discussion

Concededly, the employees here involved worked for the defendants' nursery and tree trimming business more than forty hours a week without payment of time and one half for the hours over forty. Defendants contend, however, that the work of the employees is not in interstate commerce, in the production of goods for commerce or in activities essential to the production of goods for commerce and is essentially local in nature. They further contend that the nature of their work in any case brings them within the agricultural or horticultural exemption of the Act.

The type of work done by the three tree surgeons and the ground man involved is dual in nature, clearing rights of way for new power lines so that no trees will remain, and trimming trees on old rights of way, particularly those into private homes, so that branches of existing trees will be kept pruned back so as not to interfere with lines into the homes and at the same time without undue damage to or destruction of the owners' shade trees. Horticulture expertise is undoubtedly of great value in the second type of operation. Were defendants' activities for these companies confined to such work it might possibly be argued that the agricultural exemption should apply, as involving cultivation of shade trees. A substantial part of the work is of the first type, however, and its purpose is not the production or protection of trees or their harvesting as a crop for use or sale, but the preparation and preservation of the area covered by the telephone or power companies' easements to facilitate the transmission in interstate commerce of messages or the transmission of power to manufacturing plants for use in the production of goods for commerce. The primary purpose is the maintenance of the lines, not production in agriculture or horticulture, and the agricultural exemption does not apply.

We agree with Chief Judge Sweeney that such activity is so closely connected with and essential to commerce that the employment of these men on telephone company rights of way must be considered "in commerce" and the wage and hour provisions of the Act applied. See Sutherland v. Barnes, D. Mass., No. 51–414, Nov. 14, 1951. So also the employment on power lines of the power companies providing power for the production of goods for shipment in interstate commerce is essential to the

production of goods for commerce and is covered employment.

The argument that defendants' activities are essentially local in nature is not persuasive, since it is the nature of the activities of the individual employees which controls, and these employees were engaged for a substantial part of each work week in question on the lines of the rights of way of the telephone or power companies involved. Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243; Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Roland Electric Co. v. Walling, 326 U.S. 657, 66 S.Ct. 413, 90 L.Ed. 383.

Plaintiff is entitled to judgment. Form of judgment may be submitted on notice.